### AL. G. BARNES SHOW CO. et al. v. EICHELBARGER et al.

(Circuit Court of Appeals, Ninth Circuit.   December 6, 1920.)

No. 3521.

1. **Appeal and error** ⊂⊃231(9)—**Charge not reviewable on general objection.**

Assignments of error to a charge may be disregarded, where a part of the charge was not subject to objection and the attention of the trial court was not called to any particular feature as erroneous.

2. **Theaters and shows** ⊂⊃6—**Negligence as to circus patron held question for jury.**

Evidence showing, among other facts, that a painted board used for a seat in a circus broke diagonally across with the grain of the wood when stepped on by plaintiff *held* sufficient to warrant submission to the jury of the question of negligence in using the board.

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action at law by Etta Eichelbarger and Stanley Eichelbarger, her husband, against the Al. G. Barnes Show Company and Al. G. Barnes. Judgment for plaintiffs, and defendants bring error.   Affirmed.

Tucker & Hyland, of Seattle, Wash., and Rigg & Venables, of Yakima, Wash., for plaintiffs in error.

Chas. H. Hartge and Preston, Thorgrimson & Turner, all of Seattle, Wash., for defendants in error.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge.   Judgment was rendered in the court below against the plaintiffs in error for damages for injuries sustained by the defendant in error Etta Eichelbarger, caused by the breaking of a board in the plaintiff in error's circus.   The complaint alleged that Mrs. Eichelbarger was directed by an attendant to take a seat in a certain row of seats accessible only by walking from the lower seat and across tiers of seats to the row to which she was assigned; that she stepped upon one of the seats when near the top of the row, when the seat broke and precipitated her to the ground beneath; that the seat was weak and defective, and the accident was caused "solely by the negligence of the defendants in placing in the said row or bank of seats the said defective and weak seat," and in directing the said plaintiff to step thereon.

[1] Error is assigned to a certain instruction to the jury, in which the court, after saying, "It is not enought for you to find that the seat broke and precipitated the plaintiff, Mrs. Eichelbarger, to the ground below, thereby causing her injury," thereafter went on to say, "But the facts and circumstances under which the board broke may be taken into consideration by you in determining whether or not the ordinarily careful inspection of the board would have disclosed some defect in its weakness."   It is urged that there were no facts and

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

circumstances which in any manner would throw light on the question whether a careful inspection of the board would have disclosed such defects. We might properly disregard this assignment, for it challenges a charge, portions of which were not open to objection, and the attention of the court below was not directed to any particular feature in which the instruction was thought to be erroneous. But we find no error in any portion of the instruction. There were "facts and circumstances" which might properly have been considered in determining the question whether careful inspection of the board would have disclosed its defect or its weakness. The board was 12 feet in length, about 10 inches in width, and more than an inch in thickness, and it was painted, so that defects which otherwise might be visible were concealed. But the evidence is undisputed that it broke in twain with a diagonal fracture, leaving the two ends sharply pointed, and that in falling the sharp end of one the boards sank into the ground a distance of a foot. This evidence tended strongly to show that even a casual inspection of the board before it was painted would have revealed the fact that the grain ran diagonally across it, and that it was unfit for the purpose for which it was used. The plaintiff in error introduced no evidence, and made no attempt to show that the board had been tested or inspected, or indeed, that it had ever been used before the accident, and the inference that it had never been used before might properly have been drawn from the fact that it broke under the weight of a single person whose weight was from 190 to 195 pounds.

[2] The plaintiffs in error assign error to the denial of their motion for an instructed verdict, and contend that the maxim "res ipsa loquitur" does not apply to the case. The court, in denying the motion, said that it would appear that the very fact that the board broke while the plaintiff was walking thereon in the ordinary way might be sufficient to indicate that no test had been made of the board, but observed that it was "not absolutely necessary to invoke the doctrine of res ipsa loquitur," for the evidence was that the board broke with the grain, and it was not unreasonable to conclude that it was a cross-grained board, which fact could have been discovered at the time when it was painted. Error is not assignable to the reasons given by the court for denying the motion for an instructed verdict. It appears from what was said by the court that the motion was denied, not on the ground of res ipsa loquitur, but on the ground that there was sufficient evidence to go to the jury on the question of the negligence charged. In charging the jury, the rule of res ipsa loquitur was not applied, or even referred to. The court instructed the jury: "The burden of showing by a fair preponderance of the evidence negligence on the part of the defendants rests upon the plaintiffs"—and that unless such negligence was shown by the evidence the plaintiffs could not recover. We agree with the court below that there was evidence of negligence sufficient to go to the jury.

The judgment is affirmed.